**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAHZEEL ADARIE MINOTT** | : | **CIVIL ACTION** |
| **v.** | : | |
| **J. L. JAMISON, sued in his official capacity as the Warden of the Philadelphia Federal Detention Center (FDC), Acting Field Office Director JOHN E. RIFE, sued in his official capacity as the Acting Field Office Director of U.S. Department of Homeland Security, Immigration and Customs Enforcement Philadelphia Field Office, Secretary MARKWAYNE MULLIN, sued in his official capacity as the Secretary of the U.S. Department of Homeland Security, Acting Attorney General TODD BLANCHE, sued in his official capacity as the Acting Attorney General of the United States, U.S. DEPARTMENT OF HOMELAND SECURITY, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW** | : | **NO. 26-5913** |

**ORDER**

**NOW**, this 18th day of August, 2026, upon consideration of petitioner Jahzeel Adarie Minott's Verified Petition for Writ of Habeas Corpus (Doc. No. 1) and the government's opposition, **IT IS ORDERED** that the petition is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** as follows:

1. Minott is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. The government shall release Minott from custody immediately and certify compliance with this order by filing proof of his release on the docket no later than **11:00 P.M. E.T.**, on **August 18, 2026**.

3. The government shall return all personal belongings confiscated from Minott upon his detention, including identification documents.

4. The government is temporarily enjoined from re-detaining Minott for seven days following his release from custody.

5. If the government pursues re-detention of Minott, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

6. The government shall not remove, transfer, or otherwise facilitate the removal of Minott from the Eastern District of Pennsylvania prior to the ordered bond hearing.

7. If the immigration judge determines Minott is subject to detention under 8 U.S.C. § 1226(a), the government may request permission to move Minott if unforeseen or emergency circumstances arise that require his removal from the Eastern District of Pennsylvania. That request must set forth the grounds for the request and a proposed destination.[1]

TIMOTHY J. SAVAGE, J.

[1] Minott, a Jamaican national, entered the United States at the U.S.-Mexico border in 2022. *See* Verified Pet. for Writ of Habeas Corpus ["Pet."] ¶¶ 1, 18, ECF No. 1. Upon entry, the Department of Homeland Security ("DHS") detained and processed him, placed him in removal proceedings, and released him to live in Philadelphia, Pennsylvania with his family. *Id.* ¶ 19. He subsequently moved to Philadelphia where he lived with his mother and sister, and later met and married his spouse of two and a half years, who is a U.S. citizen. *Id.* ¶ 20. He has complied with all conditions of his release and removal proceedings. *Id.* ¶ 21. The government has indicated he has no known criminal history. *See* Respondents' Resp. to Pet. for Writ of Habeas Corpus ["Resp."] 2, ECF No. 3.

On or about August 12, 2026, while attending a scheduled check-in with DHS officials, Minott was taken into custody with no prior notice or opportunity to contest his detention. Pet. ¶ 22. DHS has since detained him at the Philadelphia Federal Detention Center. *Id.* ¶ 23. The government has denied him the opportunity for a hearing conducted by a neutral decisionmaker to determine whether his detention is warranted based on danger or flight risk. *See id.* ¶ 65. It contends detaining him without a bond hearing is lawful under 8 U.S.C. § 1225(b)(2)(A). *See* Resp. 1–2.

Section 1225(b)(2) does not apply to individuals like Minott, who are not actively trying to enter the country, but have been living here for an extended period. *See Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *1, *4–5 (E.D. Pa. Nov. 18, 2025). The provision that applies to Minott is 8 U.S.C. § 1226(a). That provision mandates a hearing. *See* 8 C.F.R. §§ 1236.1(c)(8), (d). We have held in nearly identical cases where the parties made the same arguments that detention without a bond hearing violates 8 U.S.C. § 1226(a) and the Due Process clause of the Fifth Amendment. *See, e.g., Diallo v. O'Neill et al.*, Civ. A. No. 25-6358, 2025 WL 3298003, at *4–6 (E.D. Pa. Nov. 26, 2025). The same reasoning applies here.